## TERRY v. DEITZ ET AL.

NEW TRIAL.—*Motion.*—*Exclusion of Evidence.*—That " the court erred, on the trial of the cause, in excluding evidence offered by the plaintiff, to the exclusion of which the plaintiff excepted at the time," is too indefinite as a statement of a cause in a motion for a new trial.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Special Deposit.*—A. delivered to B. a certain sum of money, on an express agreement that it was to be placed by B. in the hands of the clerk of the circuit court as a special deposit for the use of C., and for the sole purpose of redeeming certain land sold to C. under a decree of foreclosure against B., and that the ownership of the money was not to pass from A. unless it was used in such redemption, in which case A. was to have a mortgage on the land. The money was accordingly tendered to C., who refused to accept it, and it was then placed in the hands of said clerk for said purpose. In a proceeding supplementary to execution brought by D., an execution creditor of B., against B. and said clerk, to subject said money still in the clerk's hands to D.'s execution, it did not appear what right B. had to redeem, or whether such right had been judicially determined.

*Held,* that until B.'s right of redemption should be determined, the money could not be taken from the clerk to be applied upon D.'s execution.

From the Franklin Circuit Court.

*C. C. Binkley* and *G. Holland,* for appellant.

*N. Trusler, W. Morrow, T. B. Adams,* and *F. Berry,* for appellees.

BUSKIRK, C. J.—This was a proceeding supplementary to execution, instituted by appellant against appellees.

Issue, trial by the court, finding for appellees, motion for a new trial overruled, and judgment on the finding.

Overruling the motion for a new trial is assigned for error, and presents all the questions in the record.

It is claimed by counsel for appellant, that the court below erred in the exclusion of evidence. The third reason for a new trial is as follows:

" 3. The court erred, on the trial of the cause, in excluding evidence offered by the plaintiff, to the exclusion of which the plaintiff excepted at the time."

It has been decided by this court, from time to time for the last twenty years, that such a reason was too vague and indefinite to present any question for review here. The reason of the rule has been so fully and often stated that we would not be justified in re-stating it.

It is also claimed that the finding is not supported by the evidence. The case made is this: John Roberts, on the 13th day of July, 1869, recovered judgment in the Franklin Common Pleas Court against Ulysses V. Kyger and John Deitz, and the foreclosure of two mortgages executed by Kyger and wife on certain real estate therein described; that on the 13th day of August, 1869, said real estate was sold, on the decree of foreclosure, to Roberts for the sum of two thousand dollars; that on the 10th day of August, 1870, said Deitz, desiring to redeem said property from sale to Roberts, applied to Lawrence Fragasser, who furnished him two thousand two hundred and sixty-five dollars with which to redeem such property, on the express understanding and agreement that Deitz was to use such money as a special deposit to be placed in the hands of the clerk of said court for the use of Roberts, and for the sole purpose of redeeming said property; and that the ownership of said money was not to pass out of said Fragasser unless it was used in the redemption of said property, in which case

Terry *v.* Deitz *et al.*

he was to have a mortgage on the said property; that such money was tendered Roberts, who refused to receive it, and it was afterward deposited with Harrell, the clerk of said court, for the purpose of redeeming said property, who still retained the possession thereof as such clerk for said purpose; that on the 1st day of July, 1871, Deitz, without the knowledge of Fragasser, executed to him and delivered to the recorder a mortgage on the property purchased by Roberts for the money furnished by Fragasser; that on the 6th day of July, 1869, the appellant obtained in the said court a judgment against the said Kyger and Deitz for four hundred and eight dollars and thirty cents; that afterward an execution was issued to the sheriff of said county, where the said Deitz resided, which was returned unsatisfied, with an endorsement that there was no property on which to levy; and that said judgment remained unpaid.

It is quite earnestly contended by counsel for appellant, that the money deposited by Deitz with the clerk for the redemption of said real estate belongs to the said Deitz, and is subject, in the hands of the clerk, to be applied to the payment of the judgment in favor of appellant.

It is, on the other hand, insisted that, under the agreement between Deitz and Fragasser, such money, if not used for the redemption of such real estate, belonged to Fragasser and could not be applied to the payment of the judgment in favor of appellant.

We do not find it necessary to decide to whom the money will belong in the event that it is not used for the redemption of said real estate.

It does not appear, from the record, what right Deitz had to redeem such land, or whether such right had been judicially determined; but it does confessedly appear that the money in question was delivered to the clerk, as a special custodian, for a specified purpose; and, until the right of redemption is determined, the money cannot be taken from the custodian and applied to another and quite different purpose.

We think the finding was correct, and that the court rightly overruled the motion for a new trial.

The judgment is affirmed, with costs.