## JOHNS *v.* HAYS ET AL.

NEW TRIAL.—*Motion.*—*Exclusion of Evidence.*—To reserve the question of the improper exclusion of evidence, the particular evidence excluded should be pointed out and identified in a motion for a new trial.

From the Vigo Common Pleas.

*R. Dunnigan* and *A. J. Kelly,* for appellant.

*N. G. Buff, W. E. McLean, I. N. Pierce, G. H. Voss, B. F. Davis* and *J. A. Holman,* for appellees.

DOWNEY, J.—Action by the appellees against the appellant, for the price of lumber sold and delivered in pursuance of a written contract between the parties, the terms of which, it is alleged, were afterwards changed, by the consent of the parties, in some particulars.

A second paragraph of the complaint was for lumber and materials furnished, and work and labor done and performed, by the plaintiffs for the defendant, etc. Each paragraph refers to the same bill of particulars filed with the complaint.

Answer: 1. A general denial.

2. Payment.

3. That the agent of the defendant, who made the contract, had no power or authority to enter into the addendum to the contract relating to certain kinds of lumber; that defendant refused to ratify that part of the contract, unless the plaintiffs would deliver that lumber at a designated point, or allow the defendant four dollars and fifty cents per thousand for freighting the same; that plaintiffs agreed to this; that the parties afterwards settled on the basis of four dollars per thousand for freighting those kinds of lumber; that he paid the plaintiff eight hundred and seventy-seven dollars, and gave his notes for the balance due at the time of the settlement, which sum and notes the plaintiff accepted in full settlement and satisfaction for all the lumber mentioned in the complaint.

4. That there had been a settlement and satisfaction of the cause of action by the payment of a certain amount of

money and the giving of certain notes by the defendant to the plaintiffs, payable at a future time, the particulars of the settlement differing from those alleged in the third paragraph.

We find no reply in the record.

There was a trial by a jury, and a verdict for the plaintiff. The defendant moved for a new trial, for the reasons following:

1. Because the verdict is contrary to law and the evidence.

2. The damages are excessive.

3. Newly-discovered evidence.

4. The verdict of the jury is contrary to, and is not sustained by, the evidence.

5. Because the court erred in not admitting the defendant's evidence to go to the jury, and not permitting defendant to offer proof in defence of his case material to the defence thereof.

This motion was overruled, the defendant excepted, and final judgment was rendered against him. He has assigned as error the refusal to grant him a new trial.

It is urged by counsel for appellant, that the plaintiffs could not recover, for the reason that the complaint is on a special contract, with which it is not shown that the plaintiffs fully complied on their part. If this position would be well taken, in the absence of a general paragraph for lumber, etc., sold and delivered, it cannot be in this case, where there is such a paragraph. The plaintiffs might have recovered on one or the other of the paragraphs, or partly on each, as the evidence warranted; but whether the recovery was on one or the other, or on both, does not appear. Each paragraph was for an amount large enough to cover the verdict and judgment.

It is urged, also, that the evidence was insufficient to justify the verdict on either paragraph, and counsel speak of the preponderance of the evidence. We cannot weigh the

evidence, nor do we think the judgment below can be disturbed on this ground.

There was no case made to justify the granting of a new trial on the ground of newly-discovered evidence. We do not understand this to be urged by counsel.

If there was any evidence offered by the defendant on the trial, which was improperly excluded by the court, the particular evidence so excluded should have been pointed out and identified in the motion for a new trial. This was not done. There are several cases to this effect, and among them the following: *Terry* v. *Deitz*, 49 Ind. 293, and *Holmes* v. *The Phœnix Mut. Life Ins. Co.*, 49 Ind. 356.

The judgment is affirmed, with eight per cent. damages and costs.