INDIANA ALCOHOLIC BEVERAGE COMMISSION v. W-W ASSOCIATES, INC.

[No. 372A131. Filed June 29, 1972.]

*Theodore L. Sendak,* Attorney General, *William D. Bucher, David Kreider,* Deputies Attorney General, for appellant.

*Dean E. Richards,* of Indianapolis, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—Plantiff-appellee, W-W Associates, Inc. (W-W), sought and obtained from the trial court a final Order of Mandate against defendant-appellant, Indiana Alcoholic Beverage Commission (ABC), prior to the expiration of 20 days

from the date of service of the complaint on the Attorney General, and this appeal resulted.

The record discloses this sequence of events:

November 17, 1971: W-W filed their Complaint for Mandate in the Superior Court No. 6, and the court issued an "Order to Show Cause and Temporary Order of Mandamus" directing the ABC to appear before the court on November 22, 1971.

November 18, 1971: Complaint and summons served on ABC.

November 22, 1971: Complaint and Summons served on the Attorney General. The court held a hearing on the Complaint for Mandate.

November 29, 1971: The court issued its Order granting mandate.

December 1, 1971: W-W filed its Petition to Show Cause why the ABC should not be held in contempt of court and the court entered a Decree ordering the ABC to appear on December 3, to show cause why W-W's Petition for Contempt should not be granted.

December 3, 1971: ABC appeared by counsel and filed its first pleadings in the case, which included a response to the Petition of Contempt.

December 13, 1971: ABC filed its Answer, Motion to Correct Errors and Petition for Stay of Order, both of which were then and there overruled.

ISSUE—Does a trial court commit reversible error by entering a final Order of Mandate and entertaining contempt proceedings prior to the expiration of the 20 day time period within which a defendant (ABC) is allowed to file a responsive pleading pursuant to Rules TR. 6(C) and 12(B)?

ABC contends that the final Order of Mandate entered on November 29, 1971 deprived it of an opportunity to be heard because a final Order was entered before the expiration of the time within which a party has to file responsive pleadings as provided by the Rules of Procedure.

W-W has not favored us with a brief and therefore brings itself within the rule that the appellant need only demonstrate prima facie reversible error.

*DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 273 N. E. 2d 102.

DECISION—We conclude that it is reversible error for a trial court to enter a final Order of Mandate prior to the expiration of the 20-day time period within which the defendant is allowed to file a responsive pleading pursuant to Rules TR. 6(C) and 12(B).

Shakespeare characterized brevity as the soul of wit, and while we find no humor in entering judgment against ABC before its time limit had lapsed within which to answer, we can be brief.

Dispositive of the single issue in this appeal are two Rules of Procedure and one Indiana Statute:

Rule TR. 4.6(A) (3) says:

"(A) PERSONS TO BE SERVED. Service upon an organization may be made as follows:

\* \* \*

(3) in the case of a state governmental organization upon the executive officer thereof *and also upon the Attorney General.*" (Emphasis supplied.)

IC 1971, 4-6-4-1, Ind. Ann. Stat. § 49-1937 (Burns Supp. 1971) says:

"49-1937. Defense of actions—Copies of pleadings to be furnished attorney-general—Abatement for non-compliance —Claims in probate matters.—Whenever any such action, counter-claim, petition or cross-complaint is filed in any court in this state in which the state of Indiana or any board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana is a party and the attorney-general is required or authorized to appear of defend, or *when the attorney-general is entitled to be heard,* a copy of the complaint, cross-complaint, petition, bill or pleading shall be served on the attorney-general and *such action, cross-action or proceeding shall not be deemed to be commenced* as to the state or any such board, bureau, commission, department, division, agency or officer or employee in his

capacity as an employee of the state of Indiana *until such service.*" (Emphasis supplied.)

Rule TR. 6 (C) says:

"(C)   Service of pleadings and Rule 12 motions. A responsive pleading required under these rules, shall be served within twenty [20] days after service of the prior pleading. Unless the court specified otherwise, a reply shall be served within twenty [20] days after entry of an order requiring it. * * *"

The Attorney General was served on November 22, 1971, thereby comencing the running of the twenty day period which expired on December 13, 1971. Obviously by entering an Order of Mandate on November 29, 1971, the trial court was some fourteen days premature

Fortunately for us the Indiana Supreme Court recently treated an almost identical factual situation. Justice Givan referred to the same Rules and Statute in *Smock* v. *State ex rel. Cohen* (1971), 257 Ind. 112, 272 N. E. 2d 611:

"The language of the statute and the rule are clear. Appellees' action in mandate cannot be deemed to have been commenced until the attorney general received service of a copy of the complaint. As shown by the record in this case, only nineteen days had expired from the date of service upon the attorney general when the trial court entered the default judgment. At that time the appellant had one more day to file a responsive pleading."

And "this is the short and the long of it"—also said the Bard of Avon.

Therefore this cause is now reversed and remanded to the trial court with instructions to sustain the ABC's Motion to Expunge from the record the final Order of Mandate entered November 29, 1971, and to proceed with the case in a manner consistant with this opinion.

White, P.J. and Sullivan, J., concur.

NOTE.—Reported in 284 N. E. 2d 534.