334 N.E.2d 719 (1975)
CITIZENS NATIONAL BANK OF GRANT COUNTY, Plaintiff-Appellant,
v.
Roy HARVEY and Delois Harvey, Defendants-Appellees.
No. 2-574A111.
Court of Appeals of Indiana, Second District.
September 30, 1975.
Frank J. Biddinger, John W. Campbell, Biddinger & Johnson, Marion, for plaintiff-appellant.
Arden W. Zobrosky, Marion, for defendants-appellees.
PER CURIAM.
When a lawyer goes to a football game he buys a roster with the names and numbers of the players, when he takes a scenic trip he is guided by a directory of the points of interest, when he takes an appeal to the Indiana Supreme Court or Court of Appeals he follows the Indiana Rules of Appellate Procedure. They are neither lengthy nor complicated.
The essential elements of any appeal are the Record, the Judgment, the Motion to Correct Errors and the Briefs. The appeal is taken from the Judgment and the Motion to Correct Errors is the *720 Complaint on appeal. If the appellant's brief fails to follow the rules, the decision is necessarily delayed while resort is had to the Record.
AP. 8.3(A)(4) requires the judgment to be set out "verbatim" in the appellant's brief. This is basic ... an appellant appeals from a judgment.
Also, the brief of the appellant "shall contain [e]ach error assigned in the motion to correct errors that appellant intends to raise on appeal [which] shall be set forth specifically and followed by the argument applicable thereto." AP. 8.3(A) (7) (emphasis supplied)
By following the format, required by AP. 8.3 the appellant's brief makes a prima facie showing of reversible error. Unless the brief, with reference to issues argued, contains specific recitation of one or more errors "included in the motion to correct errors filed with the trial court" a prima facie case for reversal has not been made and the judgment may be affirmed on our motion or on motion of appellee. TR. 59(G), AP. 15(M). Or, the appellant may be given time to file an amended brief. See Brotherhood's Relief and Compensation Fund v. Smith, opinion on rehearing, (1971) Ind. App., 269 N.E.2d 191, followed by Order of Supreme Court dated July 20, 1971, ordering appellant to file an amended brief. Also see Dissent of Judge Hoffman in Willsey d/b/a Delbert E. Willsey Construction Co. et al. v. Hartman et al., (1971) 149 Ind. App. 5, 269 N.E.2d 172.
Like too many other appellant's briefs that don't follow the rules governing appeals, the judgment in this case is not set out verbatim nor does the Appellant's brief include a specific statement of each error assigned followed by the argument applicable thereto.
This is no tempest in a teapot. In these days of multitudinous appeals, cooperation between bench and bar is a necessity if appeals are to be processed and decided expeditiously.
Therefore, the Appellant is given twenty (20) days from the date of handdown of this decision to file an amended brief and the Appellee shall file his brief within thirty (30) days after the filing of Appellant's brief.
If an amended Appellant's brief is not filed as ordered this cause shall be affirmed.