CITIZENS NATIONAL BANK OF GRANT COUNTY *v.* ROY HARVEY AND DELOIS HARVEY.

[No. 2-574A111. Filed January 7, 1976.]

584

*Frank J. Biddinger, John W. Campbell, Biddinger & Johnson,* of Marion, for appellant.

*Arden W. Zobroski,* of Marion, for appellees.

SULLIVAN, J.—In February, 1969, Appellees Roy and Delois Harvey (Harveys) entered into a retail installment sales security agreement with appellant Citizens National Bank of Grant County (Citizens) whereby Harveys agreed to pay Citizens $4,748.76 in thirty-six equal monthly payments. The Citizens' loan financed Harveys' newly purchased automobile. On September 10, 1971, Citizens filed a complaint alleging

a breach of this contract by the Harveys. Citizens sought damages in the sum of $3,172.20. The Harveys were served with summons and copies of the complaint by mail and by copies left at their last known address, pursuant to Ind. Rules of Procedure, Trial Rule 4.1. The Harveys failed to respond, and default judgment was entered against them on October 5, 1971 for the full amount sought by Citizens plus costs. At no time in these proceedings have the Harveys challenged the validity of the default judgment.

On October 12, 1971, Citizens returned to the court with a Petition in Garnishment against the Harveys and their employers. Citizens, pursuant to TR. 69(E)(1) and (2), alleged in its petition that it owned a judgment against the Harveys, and that it had "no cause to believe that a levy of execution against the defendants will satisfy said judgment." However, it is undisputed that Citizens' petition failed to comply with TR. 69(E)(3) and (4) in that it did not provide for an order to appear to issue to the Harveys, or an order to appear or to answer interrogatories addressed to the Harveys' employers. The trial court nevertheless granted Citizens' petition on the same day that it was filed and ordered each of the Harveys' respective employers to withhold from the Harveys' weekly paychecks the maximum amount allowed under Ind. Ann. Stat. § 24-4.5-5-105 (Burns Code Ed. 1974), until Citizens' judgment was paid in full.

The garnishment proceeded without apparent incident, $1,441.43 being withheld from the Harveys' wages and paid over to Citizens, from October of 1971 until March 20, 1973, when the Harveys' newly retained attorney filed a "Motion to Set Aside Order in Garnishment and for Refund of Money." We note, however, that Harveys filed their Petitions in Bankruptcy in the Federal District Court only five days previous, on March 15, 1973, and that they were discharged of all dischargeable debts on June 13, 1975. The Motion to Set Aside did not attack the judgment upon which the garnishment was premised but only the garnishment orders themselves.

The Harveys' motion set forth two reasons why the garnishment orders should be set aside: (1) the orders were illegally entered because of Citizens' failure to fully comply with TR. 69(E); and (2) the orders were "void and illegal for the reason that the Court did not have jurisdiction to enter the same." After hearing oral argument on the Harveys' motion, the court sustained the motion on October 31, 1973, and ordered Citizens to return the $1,441.43 already collected under the garnishment orders. The ruling and order were based upon the court's "finding that no notice was given defendants nor any hearing held on plaintiff's Petition in Garnishment and that the orders in garnishment were void." Citizens timely filed its motion to correct errors, and now appeals from the denial of that motion.

Pursuant to this court's opinion of September 30, 1975, the parties have timely filed amended briefs. *See Citizens National Bank of Grant County* v. *Harvey* (1975), 167 Ind. App. 582 at 595, 334 N.E.2d 719.

Citizens has properly preserved and argued two issues:[1]

(1) Were Harveys guilty of laches so as to preclude relief from garnishment orders entered seventeen months previously?

(2) Did the filing of Harveys' Motion for Relief comport with the one year or "reasonable time" limitations of TR. 60?

We are limited in our review by the posture of the case as it was decided below and as it reaches us upon appeal. Therefore, while we are unable to state, as a matter of law, that the laches defense is applicable so as to require reinstatement of the garnishment orders to the extent of moneys heretofore garnished, neither are we permitted to affirm. Affirmance

---

1. In its brief Citizens argues that because Harveys' TR. 60 (B) Motion failed to allege a meritorious defense to the garnishment petition, the relief granted was improper. Such contention is not contained within a fair reading of the Motion to Correct Errors and is not therefore considered. TR. 59 (G); AP. 7.2 (1) (a).

An "estoppel" assertion is made in the Motion to Correct Errors but is not argued here. AP. 8.3 (A) (7).

would presuppose that, as concluded below, the garnishment orders are void. The dilemma thus occasioned prompts us, therefore, to reverse and to remand the cause to the trial court for reconsideration of the Motion for Relief in the light of this opinion.

I

APPLICATION OF LACHES TO VOID OR
VOIDABLE ORDERS

Citizens urges that the equitable doctrine of laches applies so as to bar relief from the garnishment orders. Citizens' argument calls into question the legal effect of the trial court's failure to strictly adhere to TR. 69 (E) in issuing the garnishment orders. If disregard of TR. 69 (E) procedure rendered the orders in garnishment "void", our inquiry as to Citizens' laches argument would be indeed brief, because *"laches* does not operate to preclude the opening or vacating of a void judgment, for the reason that no amount of acquiesence can make it valid." *State* v. *Lindsey* (1952), 231 Ind. 126, 132, 106 N.E.2d 230, 232 (original emphasis) ; *see also Slack* v *Grigsby* (1951), 229 Ind. 335, 97 N.E.2d 145; *Misco Leasing, Inc.* v. *Vaughn* (10th Cir. 1971), 450 F.2d 257; *Taft* v. *Donellan Jerome, Inc.* (7th Cir. 1969), 407 F.2d 807; *Austin* v. *Smith* (D.C. Cir. 1962), 114 U.S. App. D.C. 97, 312 F.2d 337; 7 *Moore's Federal Pactice* 60.25 [4], p. 315 (2d Ed. 1975) ; 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2862, p. 197-198 (1973) ; Annot., 154 A.L.R. 818, 827. On the other hand, if the procedural irregularities surrounding the issuance of the garnishment orders rendered the orders merely voidable or erroneous, we must inquire into the substance of Citizens' laches contention to determine if the facts of this case warrant discretionary application of the doctrine.

(A) THE ORDERS IN GARNISHMENT WERE NOT VOID

Harveys asserted in their TR. 60 (B) motion that the orders

in garnishment were "void" within the meaning of TR. 60 (B) (6) because, since Harveys were not notified of the garnishment proceedings pursuant to TR. 69 (E), the trial court had no jurisdiction over their persons. Harveys further argued that the garnishment orders were void for want of jurisdiction over the subject matter of this case because the TR. 69 (E) procedures were not followed. Neither of these theories are acceptable since the trial court's jurisdiction over the persons of the Harveys and of the subject matter did not depend upon the court's following the procedures outlined in TR. 69 (E).

The Harveys are of course correct in their assertion that the proper procedures prescribed by TR. 69 (E) were not followed before the garnishment orders were issued. But, while this improper procedure no doubt made the orders erroneous or voidable, it is an altogether different thing to say that the impropriety rendered the orders "void". This court has stated:

> "While [the judgment] may be erroneous, it is only void if the court which rendered it lacked jurisdiction of the subject matter or of the parties. *City of Huntington* v. *Northern Indiana Power Co.*, (1937), 211 Ind. 502, 5 N.E. 2d 889. *Failure to follow statutory requirements of procedures when the court has jurisdiction of the subject matter and the parties is not void, but only voidable. Smith* v. *Hess*, (1884), 91 Ind. 424." *Krick* v. *Farmers & Merchants Bank of Boswell* (1972), 151 Ind. App. 7, 279 N.E. 2d 254, 260-261. (Emphasis supplied)

*See also Brindle* v. *Anglin* (1973), 156 Ind. App. 219, 295 N.E.2d 860; 4 Harvey & Townsend, *Indiana Practice: Rules of Procedure Annot.*, Civil Code Study Commission Comments, p. 200-201; 4 Harvey & Townsend, *supra*, § 60.16, p. 215. Thus, only if the trial court's jurisdiction over the Harveys' persons was dependent on their receipt of the notice required by TR. 69 (E) are the orders in garnishment "void" for want of personal jurisdiction.

The trial court's jurisdiction over the Harveys' persons did not depend on their receipt of the notice required by TR. 69 (E). The trial court had jurisdiction over their persons as

69 (E). This trial court had jurisdiction over their persons as a result of the notice to them by summons preceding the original default judgment. This jurisdiction continued throughout the proceedings supplemental. As was stated by this court in *Myers* v. *Hoover* (1973), 157 Ind. App. 310, 300 N.E.2d 110, 113:

"Given the terms of Trial Rule 69 (E) and the procedure thereunder, we are compelled to the conclusion that in adopting the new rule, our Supreme Court intended that proceedings supplemental to execution no longer be considered new and independent civil actions. Rather, they appear to be a mere continuation of the original cause."

This view of the continuing nature of proceedings supplemental under TR. 69 is consistent with Civil Code Study Commission's Comments on TR. 69 (E), which read in part:

"Rule 69 (e) retains the basic statutes upon the subject but introduces simpler pleadings and procedure. However, this rule makes some significant changes. For one thing, *the court rendering judgment retains venue or jurisdiction over proceedings supplemental,* contrary to prior law which fixed venue at the defendant's residence. Relief is allowed by motion, and the order to appear in proceedings supplemental is granted ex parte without hearing, thus clarifying present procedures. Necessarily, this means that *the remedy is merely a continuation of the original action both in name and in cause number.* This rule proceeds upon the assumption that the judgment defendant is under a duty to pay the plaintiff or inform him of assets subject to execution if the defendant insists that the plaintiff must pursue this route." (Emphasis supplied) 4 Harvey & Townsend, *supra,* at 441.

Further support for our holding that the notice required by TR. 69 (E) is not essential for retention of jurisdiction over the Harveys with respect to proceedings supplemental lies in the fact that TR. 69 (E) calls for notice to the judgment debtor pursuant to TR. 5, *not* TR. 4. TR. 4 deals with the service of process necessary to acquire "jurisdiction over a party or person. . . ." TR. 5 determines the requirements for proper service of motions or orders upon persons *who are already parties to the action,* i.e., over whom the court has

already acquired personal jurisdiction by service under TR. 4. There is no question here that the trial court acquired jurisdiction over the Harveys' persons by the copy service which was obtained in the original action on the contract. It is obvious that if the Supreme Court had viewed proceedings supplemental under TR. 69 as a new action, the rules would have provided for TR. 4 service on the judgment debtor. This conclusion is buttressed by the fact that TR. 69(E) prescribes service upon the garnishee defendant under TR. 4 since the garnishee, unlike the judgment debtors, is normally not a party to the original action.

Harveys argue that TR. 5(A)(6) requires service of the garnishment petition and an order to appear in accordance with TR. 4, not TR. 5; and that therefore proper service of the petition was a jurisdictional prerequisite to the issuance of a valid garnishment order. The relevant portion of TR. 5(A)(6) states:

> "No service need be made on parties in default for failure to appear, except that *pleadings asserting new or additional claims for relief* against them shall be served upon them in the manner provided for service of summons in Rule 4." (Emphasis supplied). See also TR. 9(G), TR. 54(C).

The crux of Harveys' argument is that Citizens' "Petition in Garnishment" asserted a claim for relief, new or additional to the claim stated in Citizens' complaint for breach of contract. Professors Harvey and Townsend seem to agree with this position. *See* 4 Harvey & Townsend, *supra*, at 472. We do not.

Proceedings under TR. 69 are not independent actions asserting new or different claims from the claim upon which the judgment was granted, but are merely proceedings to enforce that judgment. The trial court's October 5, 1971 judgment entitled Citizens to $3,172.20 from the Harveys. By its petition under TR. 69, Citizens was simply requesting the court to allow it to collect that sum by way of wage garnishment. Citizens claim was always predicated upon a breach of contract. The TR. 69 petition speaks

only to *how* the claim is to be satisfied whereas the complaint in the original action speaks to *whether* the claim should be satisfied.

Harveys additionally assert that the lack of notice rendered the orders void as a violation of their due process rights. In support of this argument, Harveys cite *Sniadich v. Family Finance Corporation* (1969), 395 U.S. 337, 89 S.Ct. 1820, and *Fuentes* v. *Shevin* (1972), 407 U.S. 67, 92 S.Ct. 1983. These cases are inapposite because they deal with prejudgment garnishment and attachment. *See also North Georgia Finishing, Inc.* v. *Di-Chem, Inc.* (1975), 419 U.S. 601, 95 S.Ct. 719. In a landmark case upon which, both *Sniadich* and *Fuentes* rest, the United States Supreme Court stated that the words of the Due Process Clause of the United States Constitution "require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 313, 70 S.Ct. 652, 656-657. *See also Pennoyer* v. *Neff* (1877), 95 U.S. 714, 24 L.Ed. 565. The adjudication wherein it was determined that the Harveys should be deprived of $3,172.20 of their property by Citizens was made on October 5, 1971. There is no question that this adjudication was preceded by proper notice to the Harveys under TR. 4.1. The determination by the trial court on October 12, 1971, that the appropriate remedy by which Citizens could satisfy its properly obtained judgment against the Harveys, i.e., garnishment, was not a new adjudication that the Harveys be deprived of their property but merely a procedural process for the enforcement of that original adjudication. Hence, *Sniadich, Fuentes,* and *North Georgia Finishing, Inc.,* which dealt with a deprivation of a debtor's property by his creditor *prior to* any adjudication that the debt was justly owed, are inapplicable.

Harveys contend that the orders in garnishment are void not only because the trial court lacked personal jurisdiction

over them, but also because the court lacked jurisdiction over the subject matter of this dispute. They reason that the trial court's failure to follow the TR. 69(E) procedures somehow deprive the court of its previously obtained jurisdiction over the Harveys' debt. We find this argument unpersuasive.

This case is unlike *In re Estate and Will of Hibbelin* (1973), 157 Ind. App. 422, 300 N.E.2d 384, which the Harveys cite as support for their argument. In the *Hibbelin* case it was held that the trial court lacked jurisdiction over the State's petition for redetermination of inheritance tax because that petition was not timely filed. The situation here is akin to ancillary proceedings to appoint an executor or settle claims against the estate conducted by a probate court which has already obtained jurisdiction over the estate. *See* Ind. Ann. State, 29-1-7-2 (Burns Code Ed. 1972) ; *Essex Wire Corp.* v. *Grant Circuit Court* (1967), 248 Ind. 625, 230 N.E.2d 436; *Krick* v. *Farmers and Merchants Bank of Boxwell, supra*. In such cases it has been held that procedural irregularities in the ancillary actions are not jurisdictional so as to render decrees in such actions by the court having jurisdiction over the estate "void" for want of subject matter jurisdiction. *Krick* v. *Farmers and Merchants Bank of Boswell, supra*.

The Harveys assert as a part of their subject matter jurisdiction contention that issuance of garnishment orders prior to the expiration of the 20 day time period set forth in TR. 69 for defendants' answer to the petition made those orders void. While it may be true that this procedural irregularity would constitute reversible error if challenged on direct appeal from the issuance of the orders, it did not affect the trial court's *jurisdiction* to issue such orders. *Compare Indiana Alcoholic Beverage Commission* v. *W-W Associates, Inc.* (1972), 152 Ind. App. 622, 284 N.E.2d 534 (held on direct appeal that the trial judge erred in issuing Order of Mandate prior to end of period for defendants' filing of responsive pleading).

**(B) DISCRETIONARY APPLICATION OF LACHES DEFENSE MUST BE DETERMINED BY TRIAL COURT**

Having determined that the garnishment orders are not "void", we must inquire into the substance of Citizens' argument that upon the facts of this case, the doctrine of laches required, as a matter of law, the denial of relief to the Harveys.

It does not necessarily follow from our determination that the garnishment orders were not "void', that the trial court's grant of relief was improper. While the orders were not "void", the procedural irregularities involved in their issuance did render them voidable. *Cf. Krick* v. *Farmers and Merchants Bank of Boswell, supra.* Therefore, the trial court might have seen fit to grant relief under TR. 60 (B) (8), the "catch-all" provision allowing a court to vacate a judgment within the residual power of a court of equity to do justice, if the Petition for Relief was timely filed. 4 Harvey & Townsend, *supra,* at 215. Relief under TR. 60 (B) (8), however, being purely equitable in nature, is properly subject to the equitable defense of laches.

Laches is said to contain three elements: (1) an "inexcusable delay in asserting a right; (2) an implied waiver arising from knowledge of existing conditions and an acquiesence in them; . . . and (3) other circumstances causing prejudice to an adverse party. . . ." *Haas* v. *Holder* (1941), 218 Ind. 263, 272, 32 N.E.2d 590, 593; *see also State ex rel. Harris* v. *Mutschler* (1953), 232 Ind. 580, 115 N.E.2d 206; *Ryason* v. *Dunten* (1905), 164 Ind. 85, 73 N.E. 74; *Ely* v. *City of Montpelier* (1969), 146 Ind. App. 175, 253 N.E.2d 286; *Hobart Twp. of Lake County* v. *Town of Miller* (1913), 54 Ind. App. 15, 102 N.E. 847.

Citizens argues that all three elements are here present: (1) seventeen months from the issuance of the garnishment orders to the Harveys' TR. 60 attack constitutes inexcusable delay; (2) the fact that money was deducted from each of

the Harveys' paychecks throughout the seventeen month period without objection is said to fulfill the requirement of knowledge of and acquiesence in existing conditions; and (3) the Harveys' filing for and receiving a discharge in bankruptcy prior to the vacation of the garnishment orders is asserted to be a circumstance arising during the delay which prejudiced Citizens, in that the vacation of the garnishment orders and the required return to the Harveys of funds already collected retroactively nullified the effect of its claim adjudicated as valid on October 5, 1971.

Citizens' contentions as recited above present at least a colorable claim that laches applies to these facts, though plausible factual arguments to the contrary, especially as to the elements of knowledge and acquiesence, and prejudicial circumstances arising during the delay, are advanced by Harveys in their brief. But the application of the laches doctrine upon the facts before us is *not* a question which we may resolve on appeal. It is a question addressed to the sound discretion of the trial court reviewable upon appeal only for abuse of that discretion. *Haas* v. *Holder, supra; Ryason* v. *Dunten, supra.* For us to resolve the question of laches on this record would be virtually to resolve it in the first instance, because it is apparent from the dearth of evidence of discussion in the record on factual matters such as Harveys' knowledge, or the responsibility of the parties for prejudice, if any, to Citizens as a result of the bankruptcy, that the court below did not consider the laches question. The threshold determination below that the orders were "void" eliminated the laches question. As heretofore noted, however, the trial court's premise was in error, and Citizens' argument therefore compels a consideration of the secondary assertion of laches— an issue capable of resolution in the first instance only by the trial court.

We therefore reverse and remand this cause to the trial court for its consideration of the question of laches, and the timeliness of Harveys' Petition for Relief pursuant to the

"reasonable time" limitation of TR. 60(B). *Cf. Harris* v. *Young Women's Christian Assn. of Terre Haute* (1968), 250 Ind. 491, 237 N.E.2d 242.

Buchanan, J., concurs; White, J., concurs in result.

NOTE.—Reported at 339 N.E.2d 604.

PER CURIAM—When a lawyer goes to a football game he buys a roster with the names and numbers of the players, when he takes a scenic trip he is guided by a directory of the points of interest, when he takes an appeal to the Indiana Supreme Court or Court of Appeals he follows the Indiana Rules of Appellate Procedure. They are neither lengthy nor complicated.

The essential elements of any appeal are the Record, the Judgment, the Motion to Correct Errors and the Briefs. The appeal is taken from the Judgment and the Motion to Correct Errors is the Complaint on appeal. If the appellant's brief fails to follow the rules, the decision is necessarily delay while resort is had to the Record.

AP. 8.3(A)(4) requires the judgment to be set out "verbatim" in the appellant's brief. This is basic . . . an appellant appeals from a judgment.

Also, the brief of the appellant "shall contain [e]*ach error* assigned in the motion to correct errors that appellant intends to raise on appeal [which] *shall be set forth specifically and followed by the argument applicable thereto.*" AP. 8.3(A)(7) (emphasis supplied)

By following the format, required by AP. 8.3 the appellant's brief makes a prima facie showing of reversible error. Unless the brief, with reference to issues argued, contains specific recitation of one or more errors "included in the motion to correct errors filed with the trial court" a prima facie case for reversal has not been made and the judgment may be affirmed on our motion or on motion of appellee. TR. 59(G), AP. 15(M). Or, the appellant may be given time to file an amended brief. *See Brotherhood's Relief and Compensation Fund* v.

*Smith,* opinion on rehearing, (1971), Ind. App., 269 N.E. 2d 191, followed by Order of Supreme Court dated July 20, 1971, ordering appellant to file an amended brief. Also see Dissent of Judge Hoffman in *Delbert E. Willsey d/b/a Delbert E. Willsey Construction Co. et al.* v. *Robert Dailey Hartman et al.* (1971), 149 Ind. App. 5, 269 N.E.2d 172.

Like too many other appellant's briefs that don't follow the rules governing appeals, the judgment in this case is not set out verbatim nor does the Appellant's brief include a specific statement of each error assigned followed by the argument applicable thereto.

This is no tempest in a teapot. In these days of multitudinous appeals, cooperation between bench and bar is a necessity if appeals are to be processed and decided expeditiously.

Therefore, the Appellant is given twenty (20) days from the date of handdown of this decision to file an amended brief and the Appellee shall file his brief within thirty (30) days after the filing of Appellant's brief.

If an amended Appellant's brief is not filed as ordered this cause shall be affirmed.

NOTE.—Reported at 334 N.E.2d 719.