### In re GREAT LAKES STEEL & FABRICATING INDUSTRIES, INC., Debtor.

### Bankruptcy No. 84–60510.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary.

March 14, 1988.

---

B.L. Goins, Hammond, Ind., for Area Companies, Inc. (Area).

R.P. Nelson, Valparaiso, Ind., for Great Lakes Steel & Fabricating Industries, Inc. (debtor).

## MEMORANDUM DECISION DETERMINING PRIORITY OF POST-JUDGMENT ATTACHMENT LIEN

FRANCIS G. CONRAD,* Bankruptcy Judge.

■ This matter [1] is before us on Area's "Motion to Determine Priorities and for Order of Payment of Funds Held by Debtor," concerning the disposition of proceeds resulting from a post-petition settlement in a non-bankruptcy case in Federal District Court in the Northern District of Indiana. Area claims it is entitled to the settlement proceeds based upon a proceedings supplemental "Attachment Order" it obtained against Debtor's judgment debtor, Schneider, Inc. (Schneider). Debtor disputes the validity of Area's post-judgment attachment and takes the position that Area's failure to file a proof of claim bars recovery.

Because we find the Attachment Order that emanated from the proceedings supplemental valid in all respects and thereby giving Area a specific lien in the settlement proceeds, and because we hold that

---

* Sitting by special designation.

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and Local Rule 45, and determine it to be a core matter under 28 U.S.C. § 157(b)(2)(K). This Opinion constitutes findings of fact and conclusions of law under Fed.R. Civ.P. 52 as made applicable by the Rules of Practice and Procedure in Bankruptcy. Although this matter should have been filed as an adversary proceeding, Rules of Practice and Procedure in Bankruptcy Rules 3007 and 7001, the debtor did not object to Area's incorrect procedural posture. Additionally, the parties received a full and fair opportunity to explore their case. Based upon the liberal pleading requirements of the Federal Rules of Civil Procedure made applicable by the Rules of Practice and Procedure in Bankruptcy and that no purpose would be served other than delay, we decide this matter as if it was filed as an adversary proceeding.

§ 506(d) does not bar Area from enforcing its claim, we grant Area's motion.

The parties stipulated to the relevant facts. Area obtained a consent judgment against Debtor on April 28, 1982 in the Porter County Superior Court under Cause No. 82–PSC–234 for Sixteen Thousand Four Hundred Twenty Eight and 23/100 Dollars ($16,428.23).

On May 3, 1982, Area filed, in the Porter County Superior Court, and served on Debtor, a motion for proceedings supplemental under Ind.Code Ann. § 34–1–44–7.

On June 2, 1982, Debtor appeared at the proceedings supplemental hearing and responded to all questions asked of it. Based on the answers, Area sent interrogatories to Schneider. Schneider answered on November 8, 1982 stating that Debtor had filed a counterclaim against it in the Federal District Court for the Northern District of Indiana under Cause No. H81–0533, and entitled *Schneider, Inc. v. Great Lakes Steel & Fabricating Industries, Inc.* Debtor's counterclaim was disputed, contingent, and unliquidated.

Based upon this response, Area caused an Attachment Order to be entered by the Porter County Superior Court on January 18, 1983. A copy of the proposed Order was served, prior to entry, on the debtor's then attorney of record, John M. Lyons. Debtor does not dispute that an Attachment Order was entered and that a copy of the proposed Order was served on its attorney.

Debtor filed a Chapter 11 bankruptcy on April 19, 1984. Area was notified about the bankruptcy. Area is listed in the bankruptcy schedules as an unsecured creditor. It is listed as unsecured because James R. Kent, president of the debtor, claims he had no information to the contrary.

Settlement of the counterclaim and claim in the *Schneider, Inc. v. Great Lakes Steel & Fabricating Industries, Inc.* matter occurred prior to Area's motion to determine priorities. Debtor's present bankruptcy attorney became aware of the attachment after the settlement but prior to the execution of the settlement agreement by both parties.[2] Debtor's approved Disclosure Statement and unapproved liquidating Plan of Reorganization indicate that the settlement represents its total assets. The plan proposes that all settlement monies will be paid over to the United States for delinquent taxes.

On July 28, 1987, the Porter County Superior Court, on Debtor's motion to vacate the attachment, entered an Order that the issue of priority and validity of the attachment properly belonged in this Court.

Area has not filed a proof of claim as of October 7, 1987, the date it filed its motion to determine priorities. The record reveals that the time required for any creditor, including Area, to file a proof of claim expired August 20, 1984.

In fact, Area has not appeared at any creditors' meetings, pre-conference hearings, or the hearing on the Disclosure Statement.

We are asked to decide whether the Attachment Order is valid under Indiana law when obtained upon verified motion without a hearing, affidavit, or bond, and, if so, whether an unliquidated counterclaim, with no certainty about validity or amount, may be the proper subject of a proceedings supplemental Attachment Order to satisfy a prior judgment against the counterclaimant? Additionally, we are asked to decide if a judgment creditor is required to file a proof of claim in a Chapter 11 bankruptcy case when the debtor's Schedule A–3 does not indicate the claim is evidenced by a judgment or is otherwise non-contingent, liquidated, and not disputed?

Area argues that: Debtor was served with the verified motion for proceedings supplemental; a copy of the proposed Attachment Order was served on Debtor's counsel of record under Rule 5[3] of the

---

2. We were not informed by Debtor's bankruptcy counsel that Area was asserting an interest in the Schneider settlement when we approved the settlement, after notice and opportunity for hearing, on September 23, 1987.

3. Indiana Trial Rule 5(B), **Service and Filing of Pleadings and Other Papers,** provides, in part:

Indiana Trial Rules; and, even if a copy of the Attachment Order had not been served on Debtor's counsel, the Attachment Order is valid because Rule 5 contemplates that only Orders required by their terms be served upon each party.[4] Since Schneider, not Debtor, was the supplemental defendant to whom the Attachment order was directed, service was required only on Schneider. Finally, Area asserts that it complied with Indiana Trial Rule 69(E)[5] in the procurement of its Attachment Order as well as Ind.Code Ann. § 34–1–44–7 (West 1987).[6]

Debtor interposes that Indiana Trial Rule 64(A)[7] has expanded the use of attachment

---

(B) **Service: How made.** Whenever a party is represented by an attorney of record, service shall be made upon such attorney unless service upon the party himself is ordered by the court. Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address. *Id.*

4. Indiana Trial Rule 5(A)(1) provides:

(A) **Service: When required.** Unless otherwise provided by these rules or an order of the court, each party shall be served with (1) every order required by its terms to be served. *Id.*

5. Indiana Trial Rule 69(E) provides:

(E) **Proceedings supplemental to execution.** Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and

4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.

The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall not be less than twenty (20) days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental. *Id.*

6. Ind.Code Ann. § 34–1–44–7 (West 1987), **Order requiring application of property to debt and forbidding transfer; Liens,** provides:

Sec. 7. After a hearing of which the judgment debtor has been notified, the court may order any property, income or profits, of the judgment debtor, not exempt from execution or process, in the hands either of himself or of any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers of property and choses in action. The judge may order that the judgment or execution shall be a continuing lien upon the income or profits of the judgment debtor in the hands either of himself or any other person, governmental officer or corporation from the date such order is served upon the person, governmental officer or corporation from the date such order is served upon the person, governmental officer or corporation indebted to the judgment debtor to the extent that the lien together with all similar liens is permitted under IC 24–4.5–5–105; and the court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise. *As amended by Acts 1981, P.L.287, SEC. 1. Id.*

7. Indiana Trial Rule 64(A), **Seizure of person or property,** provides:

(A) **Ancillary remedies to assist in enforcement of judgment.** At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law and existing at the time the remedy is sought. The remedies thus available include, without limitation, arrest, attachment, attachment and garnishment, lis pendens notice, ejectment, replevin, sequestration, and other corresponding or equivalent legal or equitable remedies, however designated and regardless of whether by existing procedure the

to include post-judgment as well as pre-judgment remedies. As such, Area failed to comply with Ind.Code Ann. § 34–1–11–4.1 (West 1987)[8] because it did not file an affidavit or post a bond to protect the debtor/defendant under Ind. Code Ann. § 34–1–11–5 (West 1987).[9] Thus, Area was granted an Attachment Order without the filing of any affidavits, posting a bond, providing a hearing, or any notice to the debtor of any proceeding to acquire an interest in the counterclaim against Schneider, except a copy of a letter of request to enter to Debtor's attorney, prior to entry of the attachment. As a result of Area's alleged failures, Debtor asks us to conclude that Area's Attachment Order is insufficient to prove a claim under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

As an alternative position, Debtor claims that the Attachment Order is void because it attempts to reach an unliquidated, disputed, and contingent counterclaim. The gist of Debtor's position is that only property which is certain, tangible, and well-identified may be attachable or garnishable. Since an unliquidated claim may never become due and payable, Area's Attachment Order must fail for want of complete-ness. Debtor equates the subject matter of Area's Attachment Order to a future interest incapable of reasonable evaluation until such time as the value, if any, is decided by a trier of fact. Debtor concludes that Area's Attachment Order against Schneider on Debtor's counterclaim is incapable of proving a claim under the Bankruptcy Code.

Area responds that: its Attachment Order creates a specific lien against Debtor's chose in action against Schneider; Ind.Code Ann. § 34–1–44–7 (West 1987) expressly endows a Court with the ability to control transfers of choses in action; and, it grants a Court the power to create continuing liens on future incomes and profits. Moreover, at the time of the Attachment Order, Debtor owned an assignable property interest upon which the Order could attach, *i.e.*, the right to receive any proceeds realized upon its claims against Schneider. Lastly, Debtor has included this interest in its schedule of bankruptcy assets.

Although it acknowledges that 11 U.S.C. § 501[10] is permissive, Debtor argues that Area failed to preserve its claim because it failed to file a proof of claim. Thus, Area is not allowed to claim a priority status or

---

remedy is ancillary to an action or must be obtained by an independent action. Such remedies are subject to the provisions of this rule, and, except as herein otherwise provided, the action in which any of the foregoing remedies is used shall be commenced and prosecuted pursuant to these rules. *Id.*

8. Ind.Code Ann. § 34–1–11–4.1 (West 1987), **Plaintiff's affidavit**, provides:

Sec. 4.1 The plaintiff, or some person in his behalf, shall make an affidavit showing:

1) the nature of plaintiff's claim;

2) that it is just;

3) the amount which he believes the plaintiff ought to recover; and

4) that there exists in the action some one of the grounds for an attachment above enumerated.

*As added by Acts 1982, P.L.6, SEC. 22. Id.*

9. Ind.Code Ann. § 34–1–11–5 (West 1987), **Plaintiff's undertaking**, provides:

Sec. 5 The plaintiff, or some one in his behalf, shall execute a written undertaking, with sufficient surety, to be approved by the clerk, payable to the defendant to the effect that the plaintiff will duly prosecute in proceeding in attachment, and will pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff shall be wrongful and oppressive. *Id.*

10. 11 U.S.C. § 501, **Filing of proofs of claims or interests**, provides:

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title [11 U.S.C.S. § 502(e)(2), (f), (g), (h), or (i) ] may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition. (Nov. 6, 1978, P.L. 95–598, Title I, § 101, 92 Stat. 2578, July 10, 1984, P.L. 98–353, Title III, Subtitle H, § 444, 98 Stat. 373.) *Id.*

object to any payment plan. Stated another way, since Area failed to file a proof of claim or otherwise contradict Debtor's scheduling of Area as an unsecured creditor, Area remains an unsecured non-priority creditor in bankruptcy and its lien, if any, against the settlement proceeds is no longer valid.

Area says it is not required to file a proof of claim since Debtor did not list Area's claim in its Schedule A–3 as contingent, unliquidated, or disputed.[11] Area states that it acquired a lien as the result of its proceedings supplemental. 11 U.S.C. § 506(d)[12] provides that a lien cannot be avoided if a party in interest has not requested the Bankruptcy Court to determine and allow or disallow such claim under 11 U.S.C. § 502. In the absence of such a request, Area contends its lien survives the bankruptcy case even if the personal liability of the debtor is extinguished.

Moreover, the mere inclusion of a creditor in Debtor's schedules or plan as an unsecured creditor, without a prior adversary complaint under § 506(d), cannot deprive a creditor of its security interest and meet the minimum due process requirements of the Bankruptcy Code or the United States Constitution. Lastly, Debtor should realize, argues Area, that it has never looked to Debtor's estate for satisfaction of its claim. Indeed, it was only after Schneider had been Ordered to pay the settlement proceeds into Debtor's bankruptcy confirmation account that Area has sought protection of its supplemental defendant's priority right in the Schneider settlement. We now address the issues.

■ Pre-judgment attachments and post-judgment proceedings supplemental to execution are distinct remedies under Indiana statutes and Trial Rules of Procedure. Each remedy has its own perfection requirements. To determine if Area has a perfected lien, we must concern ourselves with whether Area has followed Indiana's statutory and Trial Rules of Procedure in obtaining and perfecting its proceedings supplemental Attachment Order, and we find that it has.

There is no dispute as to the validity of the underlying judgment Area obtained against the Debtor. Neither is there any dispute that Debtor was served under Trial Rule 5 with Area's verified motion for Trial Rule 69(E) proceedings supplemental, nor that the Debtor appeared at the proceedings supplemental hearing.

The Indiana Courts have held that where a proceeding supplementary to execution is filed in the same Court, under the same title and cause number as the original action, such proceeding is regarded as a continuation of that Court's jurisdiction.

Given the terms of Trial Rule 69(E) and the procedure thereunder, we are compelled to the conclusion that in adopting

---

**11.** *See,* Rules of Practice and procedure in Bankruptcy, Rule 3003(b)(1) and (c)(2) provides:

(b) **Schedule of liabilities and list of equity security holders. (1) Schedule of liabilities.** The schedule of liabilities filed pursuant to § 521(10 of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)92) of this rule.

(c) **Filing proof of claim. (2) Who must file.** Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

**12.** Debtor filed its Chapter 11 petition for relief on April 19, 1984. Accordingly, the 1978 version of § 506(d) applies:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void; unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title, or

(2) such claim was disallowed only under section 502(e) of this title.

In 1984, § 506(d)(1) and (2) were amended, effective to cases filed 90 days after its July 10, 1984 date of enactment, as follows:

(1) such claim was disallowed only under section 502(b)(5) or 506(e) of this title, or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of claim under section 501 of this title.

the new rule, our Supreme Court intended that proceedings supplemental to execution no longer be considered new and independent civil actions. Rather, they appear to be a mere continuation of the original cause.

*Myers v. Hoover,* 157 Ind.App. 310, 300 N.E.2d 110, 113 (1973). *Accord, Citizens National Bank of Grant County v. Harvey,* 167 Ind.App. 582, 339 N.E.2d 604, 608 (1976).

In *Citizens National Bank of Grant County v. Harvey, supra,* the Appellate Court concluded that Trial Rule 69(E) calls for notice to the judgment debtor under Trial Rule 5, not Trial Rule 4:

> Further support for our holding that the notice required by TR. 69(E) is not essential for retention of jurisdiction over the Harveys with respect to proceedings supplemental lies in the fact that TR. 69(E) calls for notice to the judgment debtor pursuant to TR. 5, *not* TR. 4. TR. 4 deals with the service of process necessary to acquire "jurisdiction over a party or person ..." TR. 5 determines the requirements for proper service of motions or orders upon persons *who are already parties to the action,* i.e., over whom (sic) the court has already acquired personal jurisdiction by service under TR. 4. There is no question here that the trial court acquired jurisdiction over the Harveys' persons by the copy service which was obtained in the original action on the contract. It is obvious that if the Supreme Court had viewed proceedings supplemental under TR. 69 as a new action, the rules would have provided for TR. 4 service on the judgment debtor. This conclusion is buttressed by the fact that TR. 69(E) prescribes service upon the garnishee defendant under TR. 4 since the garnishee, unlike the judgment debtors, is normally not a party to the original action.

*Id.,* at 609. (Emphasis in original).

The fact that Debtor appeared, without objection, at the proceedings supplemental hearing with its representative establishes beyond peradventure that Area complied with Trial Rules 69(E) and 5(B).

Based upon Debtor's disclosure of its counterclaim against Schneider at the proceedings supplemental hearing, Area served interrogatories upon Schneider. Schneider answered, admitted, and confirmed Debtor had a counterclaim against it. It cannot now be denied that Debtor, represented by counsel, would not have had notice of Area's intention to acquire Debtor's interest in any potential judgment against Schneider.

Armed with the discovery it had obtained from Schneider, Area caused an Attachment Order to be entered in the Porter County Superior Court. Prior to its entry, Area served Debtor's counsel with a copy. Area was not required to make such service. After a proceedings supplemental hearing, Trial Rule 69(E) does not require service of the entered Attachment Order upon the judgment debtor:

> ... No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution ...

Trial Rule 69(E). *See also,* Ind.Code Ann. § 34-1-44-7 (West 1987).

Moreover, proceedings supplementary are considered summary proceedings:

> Because proceedings supplementary are considered summary, no answer to the complaint or affidavit is required of intended. *Burkett v. Holman,* (1885) 104 Ind. 6, 3 N.E. 406; *Automobile Underwriters, Inc. v. Camp,* (1940) 217 Ind. 328, 28 N.E.2d 68; *Hinds v. McNair,* (1955) 235 Ind. 34, 129 N.E.2d 553.

*State Travelers Ins. Co. v. Madison Sup. Ct.,* 265 Ind. 287, 354 N.E.2d 188, 191 (1976) (citations in original).

With these straight forward facts, we find that Area obtained a valid Attachment Order against Schneider, supplemental defendant.

We turn now to the question whether an unliquidated, contingent, and disputed counterclaim may be a proper res for an Attachment Order. We conclude, under Indiana law, that it is.

A chose in action is "a thing in action and is right of bringing an action or right to recover a debt of money." It is "right of proceeding in a court of law to procure payment of sum of money, or right to recover a personal chattel or a sum of money by action." It is "a personal right not reduced into possession but recoverable by a suit at law." It is "a right to personal things of which the owner has not the possession, but merely a right of action for their possession. The phrase includes all personal chattels which are not in possession; and all property in action which depends entirely on contracts express or implied." *Black's Law Dictionary* (5th Ed. 1979) (citations omitted). Although the parties did not tell us the nature of Debtor's counterclaim against Schneider, we conclude it was a chose in action.

Indiana has long held that choses in action in the hands of a third person belonging to a judgment-debtor may be statutorily subjected to the payment of the judgment upon proceedings supplementary to execution instituted by the judgment-plaintiff. *Butler v. Jaffray*, 12 Ind. 504 (Ind. 1859).

> A defendant might be worth millions, and yet, if his wealth consisted of choses in action, he could successfully defy his creditors. The remedy afforded here, for the state of the law thus declared, is found in proceedings supplementary to execution.

*Keightley v. Walls*, 27 Ind. 384, 386 (Ind. 1866) (citations omitted). *Accord, Coldren v. American Milling Research, Etc.*, 177 Ind.App. 134, 378 N.E.2d 870, 872 (1978); Ind.Code Ann. § 34-1-44-7 (West 1987).

When a proceedings supplemental to execution is instituted, a specific lien is acquired in the fund intended to be reached. *Butler v. Jaffray, supra; Deetz v. McGowan*, 403 N.E.2d 1160, 1165 (Ind.App.1980). ("When these proceedings are commenced and there has been service of process and notice on the judgment debtor as well as any persons indebted to him, the judgment creditor then acquires a lien on the fund intended to be reached."). This lien reaches choses in action. *Burkett v. Bowen*, 21 N.E. 38, 118 Ind. 379 (Ind.1888); *Fowler v. Griffin*, 83 Ind. 279 (Ind.1882); *Butler v. Jaffray, supra*. The Attachment Order, obtained after Debtor attended the proceedings supplemental hearing, specifically Ordered that the supplemental defendant (Schneider) was to "pay the proceeds of any judgment and/or settlement due" Debtor to Area.

Debtor cannot prevail in its attempt to mirror a proceedings supplemental into a pre-judgment attachment. Cases such as *Gushwa v. Gushwa*, 177 N.E. 366 (Ind.App. 1931) (plaintiff cannot use pre-judgment attachment to reach future interest incapable of reasonable evaluation) involving pre-judgment attachment are inappropriate to post-judgment remedies where the debt has already been established as justly owed. *See, Citizens National Bank of Grant County v. Harvey*, 167 Ind.App. 582, 339 N.E.2d 604, 609-10 (1976); *Matter of Coppie*, 728 F.2d 951, 952-53 (7th Cir.1984) (proceedings supplemental garnishment of wages within 90 days of debtor's bankruptcy petition under an Order more than 90 days before the filing did not constitute a preferential transfer because "after a garnishment order providing for a continuing lien is entered in Indiana, a debtor will never acquire rights in the portion of his or her wages to be garnished in the future."). To hold otherwise would permit a judgment debtor to keep its choses in action judgment-proof until such time as a settlement or judgment is entered. Moreover, it would render nugatory the continuing jurisdictional control endowed upon Indiana Courts by Ind.Code Ann. § 34-1-44-7 (West 1987) over a judgment debtor's future income, profits, and assets.

■ Debtor's final argument that Area failed to file a proof of claim need not detain us. Clearly, Debtor did not list Area in its Schedule A-3 as being contingent, unliquidated, or disputed. Rules of Practice and Procedure in Bankruptcy Rule 3008(b)(1) and (c)(2) expressly provides that if a creditor is scheduled as disputed, contingent, or unliquidated, it must file a proof of claim. Although it is not sound practice to not file a proof of claim in a Chapter 11

case when the claim is listed as undisputed, etc., Area was not required to file a proof of claim.

 Debtor admits that it believed the claim to be unsecured because it had no notice of the proceedings supplemental. But it was represented by counsel in the State Court and it did know a judgment was obtained. It should have listed the claim, at the very least, as a judgment based claim. Finally, if it wanted to object to Area's claim it should have filed a § 506(d) complaint.

> Under section 506(d), prior to its amendment in 1984, a lien could not be avoided if "a party in interest [had] not requested that the court determine and allow or disallow such claim under section 502." This provision in effect required that the lienholder be given the opportunity for its "day in court" before any action affecting the lien could be taken. If no party in interest requested allowance or disallowance of the claim, the lien would survive the bankruptcy case even if the entire personal liability of the debtor were extinguished.

3 *Collier on Bankruptcy*, paragraph 506.-07, *Effect on Liens; § 506(d)*, page 506–65 (15th Ed.1986) (footnote omitted).

ACCORDINGLY, we hold that Area is entitled to the proceeds resulting from the settlement between Debtor and Schneider, Inc. of the cause of action entitled *Schneider, Inc. v. Great Lakes Steel & Fabricating Industries, Inc.* which was pending in the United States District Court for the Northern District of Indiana, Hammond Division. Area has a valid and perfected proceedings supplemental Attachment Order against supplemental defendant, Schneider, Inc. which attached prior to Debtor's Chapter 11 petition for relief and has not been satisfied according to the terms of the Attachment Order. An appropriate Order will be entered.