William J. BARRETT, Plaintiff-Appellee,

v.

INTERNATIONAL UNDERWRITERS, INC., Judgment Defendant-Appellee,

The Department of Insurance of Indiana, as substituted defendant for International Automobile Insurance Exchange and International Automobile Insurance Association Judgment Defendant-Appellant,

Merchants National Bank & Trust Company of Indianapolis, American Fletcher National Bank and Trust Company, Garnishee Defendants-Appellees.

Nos. 14818, 14819.

United States Court of Appeals
Seventh Circuit.

April 28, 1965.

Rehearing Denied June 16, 1965.

Edwin K. Steers, Atty. Gen., of Indiana, J. Van Brown, Asst. Atty. Gen., James J. Breen, Jr., Deputy Atty. Gen., Indianapolis, Ind., for the Dept. of Insurance of Indiana, defendant-appellant.

Edward B. Raub, Jr., William A. Wick, Carl T. Reis, Indianapolis, Ind., for plaintiffs, White, Raub, Reis & Wick, Indianapolis, Ind., of counsel.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from a judgment in a proceeding supplementary to execution [1] brought by a judgment creditor to reach bank accounts and securities in the custody of the defendant garnishee banks, alleged to be the property of judgment debtors International Automobile Insurance Association, International Automobile Insurance Exchange, and International Underwriters, Inc.[2] Plaintiff

1. Pursuant to F.R.Civ.P. 69(a) and Burns' Ind.Ann.Stat. §§ 2-4401 to 2-4408 (1946 Repl.).

2. The reciprocal insurer here involved originally transacted business under the name International Automobile Insurance Association, but the name was later changed to International Automobile Insurance Exchange. International Underwriters, Inc. was the attorney-in-fact of the reciprocal insurer, which under Indiana law is not a legal entity.

and the Department of Insurance of Indiana, substituted as defendant in lieu of the Exchange and the Association,[3] each moved for summary judgment, and the Department moved in the alternative to dismiss. The district court's judgment declared that plaintiffs "have and hold equal liens" on the moneys in the accounts and on the securities, held by garnishees, and the Department of Insurance has appealed. We affirm.

William J. Barrett, in his individual capacity and as administrator of his wife's estate, recovered judgments against an uninsured motorist in the Circuit Court of Norfolk County, Virginia for his personal injuries and the wrongful death of his wife. The judgments were not paid by the tortfeasor. At the time of the occurrence Barrett carried liability insurance with a reciprocal insurance group composed of the International Automobile Insurance Exchange and International Underwriters, Inc. as attorney-in-fact for the Exchange. Under Virginia's uninsured motorist law, because of the default of the uninsured tortfeasor, Barrett's insurer was required to satisfy the judgments.

An unsuccessful demand for satisfaction was made by plaintiff upon defendants. He then sued upon the policy in the United States District Court for the Eastern District of Virginia and recovered judgments for his own injuries and for his wife's death. No appeal was taken from these judgments, which have not been paid, and the time for appeal has expired.

Following rendition of the Virginia district court judgments against Underwriters and the Exchange on January 22, 1964, certified copies were filed with the Clerk of the United States District Court for the Southern District of Indiana on February 25, 1964. The following day the United States Marshal levied execution against the garnishees, who refused to surrender the property of the Exchange in their custody. The executions were returned unsatisfied on February 28 and these proceedings supplementary were filed on March 4, 1964. The garnishee defendants admitted possession of the property and asked the court to determine the rights of all parties.

The International Automobile Insurance Exchange was organized under Indiana law[4] by a group of subscribers to exchange reciprocal insurance contracts. In the Virginia suits on the policy the reciprocal insurer was named as a defendant under the names "Exchange" and "Association," and International Underwriters, Inc. was also named as a defendant. Underwriters was not designated in the captions in those cases as attorney-in-fact for the Exchange. Originally it moved to dismiss the complaints on jurisdictional grounds, but later withdrew the motions and appeared generally and filed answers. The answers asserted, among other things, "that the undersigned [Underwriters] could not and did not act as the agent or employee of any reciprocal exchange or association outside or beyond the law of its corporate existence."

The Department contends that Underwriters does not own the property in custody of the garnishees, that it was not sued in Virginia as attorney-in-fact for the subcribers at the Exchange as required by Indiana Law,[5] and consequently

3. The Department of Insurance was substituted as defendant for the International Automobile Insurance Exchange in the proceedings supplementary to execution following an order of liquidation of the Circuit Court of Marion County, Indiana, vesting the property of the Exchange in the Department of Insurance.

4. Burns' Ind.Ann.Stat. §§ 39–2801 to 39–2815 (1952 Repl.).

5. Burns' Ind.Ann.Stat. § 39–2815 (1952 Repl.).

All suits with reference to any matter or claim arising out of, or having any connection with any contract or agreement issued or executed, or any obligation or liability incurred at any reciprocal of interinsurance exchange, shall be brought only by, or against, the attorney-in-fact for subscribers at said reciprocal or interinsurance exchange, and any judg-

that the property owned by the subscribers is not subject to execution based on the Virginia judgments against Underwriters.

The complaint in the Virginia suits on the policies is not in the record before us, but Underwriters' answer impliedly admitted its agency with the Exchange; it merely asserted that this agency was not extra-territorial. The suits were on policies whose only connection with Underwriters was the latter's status as attorney-in-fact for the reciprocal insurer through which the policies were exchanged. We think the district court did not err in deciding that the factual allegations before the United States District Court in Virginia sufficiently identified the relationship of Underwriters to the subscribers so that Underwriters, the attorney-in-fact, was sued and the judgments were rendered against it "as such" within the meaning of Burns' Ind. Ann. Stat. § 39–2815 (1952 Repl.). (See note 5.)

The district court held that the levies by the Marshal on February 26, 1964 impressed execution liens, under Burns' Ind. Ann. Stat. § 2–3316 (1946 Repl.), from February 26, 1964 and that the liens have "continuously existed" to June 3, 1964, the date of the summary judgment before us. The Department contends that this holding is erroneous because of an insolvency liquidation proceeding filed by it on December 11, 1963 in the Circuit Court of Marion County, Indiana against the Exchange, under Burns' Ind. Ann. Stat. §§ 39–3401 to 39–3430 (1952 Repl.). The circuit court entered an order vesting the Department of Insurance with title to, and directing it to take possession of, the assets of the Exchange on March 17, 1964—after the levy of execution pursuant to the Virginia judgments. The Department claims that upon the filing of the liquidation proceedings on December 11, 1963 the Circuit Court of Marion County assumed constructive possession of the assets in custody of the garnishees, and that the district court's order declaring liens to exist on those assets invaded the jurisdiction of the state court. The district court decided that there was no basis in law or in fact for holding the state court's vesting order retroactive to the filing of the liquidation action and held that the levy of execution of February 26, 1964 had created valid liens.

While it is true that as between state and federal courts the court whose jurisdiction is first invoked by the filing of a suit is treated as having constructive possession of the *res* to the exclusion of other courts, Kline v. Burke Constr. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); Continental Bank and Trust Co. v. Apodaca, 239 F.2d 295, 297 (10th Cir. 1956), this does not mean that all other courts are thereby precluded from deciding every question which might concern the property involved. Equitable Trust Co. of New York v. Denney, 24 F.2d 169, 171 (7th Cir. 1928). The rule is that other courts may not render any judgment or decree which will interfere with the constructive possession of the court which first took jurisdiction. Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133 (1936); Lubbock Hotel Co. v. Guaranty Bank and Trust Co., 77 F.2d 152 (5th Cir. 1935). In the Lubbock Hotel Co. case the federal court foreclosed a mortgage on property that was under a state court receivership, but declined to order a sale of the property, since this would have been an interference with the state court's possession. Similarly, the district court in the case before us merely declared that the levies of execution created valid liens against the property of the Exchange in custody of the garnishees. The district court noted that the property is in *custodia legis*, subject to the supervision of the Circuit Court of Marion County and not subject to sale by the United States Marshal. The court expressly abstained

---

ment obtained or rendered against said attorney-in-fact, as such, shall be valid and binding on all subscribers exchanging reciprocal or interinsurance contracts through such attorney-in-fact at said exchange, to the extent to which such subscribers are obligated or may be obligated.

from granting any further relief to Barrett beyond declaring the validity and time of attaching of the execution liens, stating that plaintiff's "complete relief" was in the Marion Circuit Court liquidation proceedings.

There was no invasion of the state court's jurisdiction here. The federal court's jurisdiction was properly invoked to determine rights as between the parties and so long as the district court did not interfere with, or impede, the state court's constructive possession, there was no invasion of jurisdiction.

The judgment is affirmed.