*14
 
 Opinion
 

 GILBERT, J.
 

 This action arises out of an attempt by a judgment creditor to garnish funds in an escrow which were to be paid to the judgment debtor, a real estate broker, as his commission at the close of escrow.
 

 We conclude that such funds are not subject to levy by way of garnishment by a judgment creditor prior to the close of escrow when not all conditions of escrow have been performed.
 

 Facts
 

 Plaintiff bank is a judgment creditor of Edward Rodgers, a real estate broker. On June 2, 1975, it obtained a judgment against Rodgers for $8,946.91. On September 16, 1975, plaintiff obtained a writ of execution. On May 25, 1976, while the writ was outstanding, an escrow was opened with defendant escrow company in connection with a transaction involving the exchange of real property between a Mr. and Mrs. Corea, and a Mr. and Mrs. Ellenson. The escrow instructions provided that Rodgers was to receive a broker’s commission of $8,280 at the close of escrow from funds received on behalf of the Coreas. The parcels of property to be exchanged between the Coreas and the Ellen-sons were not of equal value. The Ellensons thus agreed to pay cash from their own funds into escrow and to obtain additional funds from a lender.
 

 Plaintiff learned of the transaction and attempted to garnish Rodgers’ commission by a series of levies. With the exception of the last garnishment on July 12, 1976, defendant answered each garnishment by stating, “We hold no properties or monies owing Edward M. Rodgers.”
 

 It is solely the garnishment of July 7, 1976, which is relevant. On that day, the Coreas had complied with all conditions of escrow required of them. The Ellensons had signed all the necessary documents and had deposited into escrow a portion of the funds called for in the escrow instructions. Further conditions, however, had not been performed. The lender had to deposit into escrow its funds, and there was to be an update of the title report and recordation of documents.
 

 On July 7, 1976, the date of the levy, defendant sent the signed loan documents to the lender and requested the funds to close the escrow. On July 8, 1976, the lender furnished the funds of $180,746.27 to defendant. The escrow closed on that date and defendant disbursed the funds according to its instructions. It did not honor plaintiff’s garnishment of July 7, 1976, but rather
 
 *15
 
 disbursed the funds due Rodgers to his assignee pursuant to an assignment delivered to it on June 30, 1976.
 
 [1]
 

 Plaintiff did not get the unfortunate news until July 12, 1976, when it next tried to levy a garnishment. Defendant answered the garnishment with the statement, “We no longer have any escrow pending for the above named.” Plaintiff’s next step was this action for conversion against defendant.
 

 The trial court ruled that the July 7 levy of garnishment was proper and that defendant wrongfully paid the broker commission to the broker’s assignee. Accordingly, judgment was awarded plaintiff in the amount of $8,280.
 

 Discussion
 

 The trial court based its decision on
 
 Brunskill
 
 v.
 
 Stutman
 
 (1960) 186 Cal.App.2d 97 [8 Cal.Rptr. 910]. Brunskill had a master contract to perform work for the navy. He subcontracted all the work to Gregory on the same terms and conditions. Attaching creditors of Gregory levied garnishments on the monies due Gregory from Brunskill. At the time of the levy, the garnishee, Brunskill, was indebted to Gregory because the contract had been fully performed, and all progress payments and the final balance had become due and payable prior to the garnishments. The amount of the debt, however, was not certain as a result of disputes concerning liquidated damages and work completion. This gave rise to the Navy asserting the right to offset minimal liquidated damages. There was never, however, a claim of breach of contract.
 

 The court in
 
 Brunskill
 
 held that mere uncertainty in the amount of the debt at the time of the levy does not defeat the garnishment if the amount of the obligation is susceptible of measurement. The court further held that even if it is ultimately found that nothing is due, where the amount is capable of definite ascertainment in the future, garnishment will still lie.
 
 Brunskill
 
 does not hold, however, that garnishment lies where there is a contingency as to the garnishee’s liability.
 

 In
 
 Dawson
 
 v.
 
 Bank of America
 
 (1950) 100 Cal.App.2d 305 [223 P.2d 280], an escrow was opened in connection with the sale of real property. The escrow holder had instructions to pay a sum of money to Mr. Dawson. Prior to the opening of the escrow, Mr. Dawson had assigned to Mrs. Dawson, his ex-wife, his interest in certain instruments that gave him a claim to the funds. The escrow instructions provided, however, that the claim was to be paid only when the proper instruments were surrendered and canceled, and then only after the
 
 *16
 
 amount of that claim had been approved by a Mr. Grove, one of the parties to the escrow.
 

 After the escrow had been opened, Mr. and Mrs. Dawson had conflicting claims to the funds. There was a further conflict as to the amount of those funds. Mr. Dawson then served the escrow holder with a writ of attachment seeking to garnish all debts owed by the escrow holder to his former wife, Mrs. Dawson.
 

 On the date of the levy, Mrs. Dawson had not deposited with the escrow holder the necessary instruments to establish her claim and had refused to sign the necessary releases covering that claim. In addition, Mr. Grove had not approved the claim. Thus, on the date of the levy the escrow holder was faced with uncertainty both as to the amount of the claim and as to the party to whom the claim was to be paid. Under these circumstances, the court found there was no particular liability which was subject to garnishment on the date of the levy.
 

 In some respects, the facts in the instant case are distinguishable from those in
 
 Dawson.
 
 Here, the party to whom the commission was to be paid was known, and the amount to be paid him was a definite sum. All escrow instructions had been deposited with the escrow company, and all parties had signed those instructions. Nevertheless, one of the most important conditions remained to be fulfilled, the deposit into escrow of funds from the lender. If for any reason the funds were not deposited, the transaction would not take place, escrow would not close, and Rodgers would not receive his commission.
 

 On July 7, 1976, Rodgers had no more than a hope that the escrow would close; his interest in the funds deposited in escrow were contingent at best. Contingent interests, such as future rental payments
 
 (Hustead
 
 v.
 
 Superior Court
 
 (1969) 2 Cal.App.3d 780 [83 Cal.Rptr. 698]) or pension payments
 
 (Thomas
 
 v.
 
 Thomas
 
 (1961) 192 Cal.App.2d
 
 111
 
 [13 Cal.Rptr. 872]), are not subject to garnishment. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 16, p. 3399; § 129, p. 3494.)
 

 Funds in an escrow are not subject to levy when further conditions of the escrow must be performed before that escrow will close. A debt which is uncertain and contingent in the sense that it may never come due and payable is not subject to garnishment.
 
 (Brunskill
 
 v.
 
 Stutman, supra,
 
 186 Cal.App.2d 97;
 
 Clecak
 
 v.
 
 Dunn
 
 (1928) 95 Cal.App. 537 [272 P. 1104].) In order to be subject to garnishment, it must definitely appear that a debt or credit actually exists. The attaching creditor can acquire no greater right in the attached property than the debtor has at the time of the levy.
 
 (Dawson
 
 v.
 
 Bank of America, supra,
 
 100 Cal.App.2d 305.)
 

 
 *17
 
 Since the commission due Rodgers was contingent and uncertain on July 7, 1976, the attaching creditor had nothing to attach on that date. The trial court’s hindsight observation that the commission was actually paid at the close of escrow does not alter the situation as it occurred on July 7, 1976. That is the controlling date, and on that date nothing was due Rodgers. As of that date, it was possible that nothing would ever be due Rodgers. This uncertainty as to liability is what defeats the garnishment. If the uncertainty only involved the amount of the debt but not the liability itself, the garnishment would lie even though defenses to the debt might diminish or defeat it.
 
 (Brunskill
 
 v.
 
 Stutman, supra,
 
 186 Cal.App.2d 97.)
 

 Accordingly, judgment is reversed.
 

 Stone, P. J., and Abbe, J., concurred.
 

 [1]
 

 This assignment has no effect on our ruling regarding the garnishment.