FIDELITY FINANCIAL SERVICES,
INC., Appellant–Plaintiff,

v.

James R. HILL, Appellee–
Judgment Defendant,

and

Roselyn Bakery, Appellee–
Garnishee Defendant.

No. 49A05–9105–CV–136.

Court of Appeals of Indiana,
Fifth District.

Oct. 30, 1991.

William F. Thompson, Indianapolis, for appellant.

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellees.

BARTEAU, Judge.

Fidelity Financial Services, Inc. ("Fidelity") initiated proceedings supplemental to enforce a judgment it had against James Hill. Roselyn Bakery ("Roselyn") was named as a garnishee defendant in the proceedings supplemental. The final order in garnishment required Roselyn to garnish Hill's wages as of August 15, 1990. Roselyn did not do so and on November 7, 1990, Fidelity filed a motion for enforcement of the garnishment order. After the hearing on Fidelity's motion, the trial court entered an order making the garnishment order effective as of December 7, 1990 and denied Fidelity's request for the wages Roselyn did not garnish from August 15, 1990 to December 7, 1990. Fidelity appeals this order raising the issue whether the garnishee's reliance on a bankruptcy petition filed by the judgment debtor exonerated it from liability for wages paid to the judg-

ment defendant subsequent to the issuance of a final order in garnishment.

We reverse.

## FACTS

Roselyn was served with the summons, order and interrogatories on the proceedings supplemental and returned its answers to interrogatories to the trial court on July 12, 1990. In its answers, Roselyn indicated that no garnishment orders were in effect as to Hill's wages because Hill had filed a bankruptcy petition in 1988 and the bankruptcy court had stayed the garnishments then in effect. Roselyn attached a copy of the bankruptcy petition to its answers. Roselyn did not attend the proceedings supplemental hearing on August 10, 1990. The defendant, Hill, did appear and the trial court made an entry reading "Def appears—said filed by Marvin Coffey but not yet filed O.K. FOR GARNISHMENT." The final order in garnishment was signed on August 15, 1990 and received by Roselyn on September 6, 1990. On September 12, Roselyn informed the court that it did not believe it could garnish Hill's wages due to the bankruptcy petition. Roselyn did not appeal the final order in garnishment. At the hearing on Fidelity's motion to enforce, Fidelity provided Roselyn with a copy of the notice of discharge of Hill's bankruptcy which was dated March 24, 1989.

## DISCUSSION

■ Fidelity argues that the trial court erred in not entering a judgment against Roselyn for the amount of wages Roselyn should have garnished as of August 15, 1990. Roselyn argues that it did not garnish the wages in a good faith belief that it could not do so and that Fidelity had the burden of producing the notice of discharge at the August 10 hearing.

■ A creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time the third party receives service of process in proceedings supplemental and the third party is liable for paying out funds in a manner inconsistent with the judgment creditor's

lien. *In re Marriage of Wooten* (1990), Ind.App., 563 N.E.2d 636; *Radiotelephone Co. of Indiana v. Ford* (1988), Ind.App., 531 N.E.2d 238. While Roselyn acknowledges the principles of these cases, it argues that this case is distinguishable because Roselyn acted in good faith and had a duty to satisfy itself that a proper order in garnishment had been entered before it paid the money.

Roselyn's good faith refusal is beside the point. Roselyn did not appear at the August 10 hearing to defend against an order in garnishment based on the bankruptcy petition and did not appeal the garnishment order. It cannot now, when faced with a motion to enforce, raise as a defense its belief that the order was not valid.

We do not have a transcript of the August 10, 1990 hearing. However, the judgment creditor has the burden of proving that funds are available for garnishment and the trial court's final order in garnishment is presumed correct. *Hudson v. Tyson* (1980), Ind.App., 404 N.E.2d 636. Therefore, we must presume that at the August 10 hearing Fidelity carried its burden of proving that a bankruptcy petition was not then in effect. Indeed, the bankruptcy petition had been discharged in 1989 and Hill could certainly have testified so at the hearing.

The trial court's judgment denying Fidelity's motion to enforce the final order in garnishment is contrary to law and is reversed. This cause is remanded to the trial court with instructions to enter judgment in favor of Fidelity and against Roselyn for those amounts of Hill's wages Roselyn should have garnished as of August 15, 1990 and which it wrongfully paid to Hill.

REVERSED AND REMANDED.

RUCKER and BUCHANAN, JJ., concur.