McCLURE OIL CORPORATION,
Appellant–Plaintiff,

v.

WHITEFORD TRUCK LINES,
Appellee–Defendant,

1st Source Bank, Garnishee Defendant
Below, Appellees.

No. 27A02–9301–CV–29.

Court of Appeals of Indiana,
Second District.

Jan. 28, 1994.

P. Robert Dawalt, Jr., Marion, for appellant.

Eugenia S. Schwartz, Nickle & Piasecki, South Bend, for appellee.

SHIELDS, Judge.

McClure Oil Corporation (McClure) appeals the trial court's order in proceedings supplemental denying its petition to garnish First Source Bank (First Source). We reverse and remand.

*ISSUES*

1. Is the trial court's order an appealable final order?

2. Did the trial court err in denying McClure's motion for garnishment in proceedings supplemental?

*FACTS*

Whiteford failed to pay McClure for fuel McClure sold to Whiteford Transportation Systems, Inc. (Whiteford) from August to October 1990. On October 27, 1990, Whiteford notified its creditors that it had sold most of its assets and had ceased doing business. Also on October 27, 1990, Whiteford entered into an "Escrow and Paying Agreement" with First Source to assist it in winding up its affairs and to "insure that all of [its] creditors were paid their fair share." Record at 160. The property placed in escrow consisted of the proceeds from the sale of the corporation's assets, including a promissory note with a face amount of four million dollars (presumably the largest asset placed in escrow).

On October 30, 1990, McClure filed suit against Whiteford. For tax purposes, Whiteford created a liquidating trust in February 1991 which incorporated the terms of the "Escrow and Paying Agreement" and named First Source as trustee. The assets previously placed in escrow were transferred to the trust.

On September 23, 1991, the trial court granted judgment in favor of McClure against Whiteford in the amount of $32,-411.83, plus pre-judgment interest accruing as of October 30, 1990, post-judgment interest, and costs. McClure then initiated proceedings supplemental against the liquidating trust account. On October 20, 1992, the trial court determined that McClure could not garnish the trust account because "the account sought to be garnished by [McClure] is not a 'deposit account' subject to garnishment." Record at 7. McClure appeals.

*DISCUSSION*

I.

Both Whiteford and First Source argue that the trial court's order of October 20,

1992, denying McClure's attempt to garnish the trust account, is not a final order or a timely-perfected appealable interlocutory order. *See* Ind.Appellate Rule 3(B).

■ A final order "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues." *Hudson v. Tyson* (1978), 178 Ind.App. 376, 380, 383 N.E.2d 66, 69 (quoting *State ex rel. Neal v. Hamilton Circuit Court* (1967), 248 Ind. 130, 134, 224 N.E.2d 55, 57–58). As noted in *Pisarski v. Glowiszyn* (1943), 113 Ind.App. 358, 365, 47 N.E.2d 831, 834, "it must be remembered that this is a proceeding supplementary which involves only the right of [the appellee] to levy on the property of the judgment defendant." Accordingly, the only issue presented by McClure in its proceedings supplemental was whether the garnishee-defendant had property which the judgment-plaintiff properly could garnish. The trial court's conclusion that the trust account was not such property and was not garnishable is necessarily a final judgment; it puts an end to the particular case as to all of the parties and issues and reserves no question for future determination. Thus, McClure's appeal is properly before this court.

## II.

■ In denying McClure's attempt to garnish the liquidated trust account, the trial court expressly found that the account was not a "deposit account" as that term is used in IC 28–9–1–1 et seq. (1992 Supp.) (the Adverse Claims Act) and, therefore, was not subject to garnishment. Implicit in this statement is the trial court's erroneous assumption that a financial institution is not subject to a garnishment order unless the judgment creditor is attempting to garnish a "deposit account." Whether the trust account is within or outside the parameters of the Adverse Claims Act is irrelevant. The Adverse Claims Act is an effort to protect

banks from double liability in situations where a judgment creditor seeks to obtain funds of a bank's depositor held by the bank in a deposit account. *See Radiotelephone Co. of Indiana v. Ford* (1988), Ind.App., 531 N.E.2d 238, 243 n. 3; *First Bank v. Samocki Bros. Trucking Co.* (1987), Ind.App., 509 N.E.2d 187, 194–95. Since the arrangement between a bank and its depositor is one of debtor and creditor, the Act protects banks from claims of its depositor that could arise if the bank, in compliance with the terms of the Act, failed to act according to its depositor's instructions. *See Samocki Bros.,* 509 N.E.2d at 198. However, the Act does not govern all attempts to garnish, through proceedings supplemental, property of a judgment creditor that is held by a financial institution. If the judgment debtor is not a "depositor" or the funds of the depositor are not located in a "deposit account" as these terms are defined in the Adverse Claims Act, the bank nevertheless is subject to proceedings supplemental under IC 34–1–44–5 (1988) and IC 34–1–44–7 (1992 Supp.).

■ Proceedings supplemental to execution are governed by IC 34–1–44–1 et seq. and Ind.Trial Rule 69.[1] Under IC 34–1–44–5 (1988), a garnishee-defendant that "has property of [the] judgment debtor, or is or will be from time to time indebted to him in any amount, although the amount shall be determined from time to time as it becomes due and payable, ... may be required to appear and answer concerning the same." *Id.* Because a judgment creditor can garnish only the judgment debtor's interest in the property, *Browning & Herdrich Oil Co. v. Hall* (1986), Ind.App., 489 N.E.2d 988, 989, the question presented by this appeal is whether Whiteford has an interest in the trust and, if so, whether that interest is property or indebtedness covered by IC 34–1–44–5.

■ During oral argument before this court, both Whiteford and First Source acknowledged that Whiteford has an interest in

1. McClure frames his argument on appeal around the language of IC 34–1–11 et seq. Its reliance on Chapter 11, however, is misplaced. Although IC 34–1–11 et seq. is entitled "Attachment and Garnishment," its application primarily is limited to pre-judgment attachment proceedings. *See Radiotelephone,* 531 N.E.2d at 243. Since the issue here involves a post-judgment attempt to secure execution of a judgment, the proper source of authority is found in T.R. 69 and IC 34–1–44 et seq. (entitled "Proceedings Supplementary to Execution").

the subject account. Under the terms of the trust agreement, Whiteford has a residual interest in any trust property that remains after First Source distributes the res in accordance with its instructions. Therefore, as a potential beneficiary, Whiteford has a contingent,[2] equitable interest in the trust property.[3]

As was stated in *Union Bank & Trust Co. of Kokomo v. Vandervoort* (1951), 122 Ind.App. 258, 101 N.E.2d 724, "everything in which there may be ownership and which may be available for the payment of judgments, can be reached by proceedings supplementary." *Id.* at 264, 101 N.E.2d at 727. For example, a beneficial interest in the net income generated by a trust is a valid interest subject to proceedings supplemental. *Clay v. Hamilton* (1945), 116 Ind.App. 214, 63 N.E.2d 207 (former wife attempting to satisfy judgment for payment of alimony was entitled to levy against beneficial interest of ex-husband in net income from trust). *See also Malbin & Bullock Inc. v. Hilton*, (1980), Ind.App., 401 N.E.2d 719, 722 (escrow account holding interest of judgment debtor at time garnishee-defendant served notice is properly subject to proceedings supplemental).

Although in *Clay* the terms of the trust required an annual disbursal to the beneficiary, there is no basis to distinguish that type of disbursal from a disbursal which will occur on only one occasion, after satisfaction of the other terms of the trust agreement. Neither is there any reason to require that the interest of the garnishee-defendant be presently due and owing. To the contrary, both IC 34–1–44–5 and T.R. 69(E) include within their scope debt that is or will be due from the garnishee-defendant to the judgment debtor, even though the amount of the debt is not presently discernible. Thus, IC 34–1–44–5 provides that a third party who has property of or will be indebted to the judgment debtor at any time, in an undetermined amount, is subject to proceedings supplemental, while T.R. 69(E) provides that a garnishee is subject to proceedings supplemental if it has or will have property or an obligation owing to the judgment debtor, and does not require that the amount of the future debt be presently known.

From the foregoing discussion, it logically follows that contingent interests may be garnished. This court so held in *Sandler v. Gilliland* (1993), Ind.App., 605 N.E.2d 1174, 1177–78. *See also Butler v. Jaffray* (1859), 12 Ind. 504 (choses in action are interests subject to proceedings supplemental). Although the interest is not presently due, the trial court has the power to create a continuing lien on the trust fund by attaching the account to the extent of any surplus remaining after payment of Whiteford's creditors. *See* IC 34–1–44–7(b) (1992 Supp.); *Sandler*, 605 N.E.2d at 1177 (discussing *Fico, Inc. v. Ghinger* (1980), 287 Md. 150, 411 A.2d 430, where court held that interest of judgment debtor in surplus from escrow account created for benefit of judgment debtor's creditors was subject to attachment creating a continuing lien in proceedings supplemental). Finding that equitable interests created in trusts and contingent interests are garnishable, we conclude that the interest of Whiteford in any surplus remaining in the trust account is capable of attachment in proceedings supplemental.[4]

---

2. A contingent interest exists when "it is not clear that a debt is owing to the judgment debtor by the garnishee...." *Sandler v. Gilliland* (1993), Ind.App., 605 N.E.2d 1174, 1177, *trans. denied.* Because the liability of First Source to Whiteford is entirely dependent upon sufficient funds remaining in the trust after payment to Whiteford's creditors, we consider Whiteford's interest in the trust account as contingent rather than unmatured. An interest is unmatured "where the uncertainty involves only the amount of the debt and not the liability itself...." *Id.*

3. Of course, if there is insufficient property to fulfill the purpose of the trust, Whiteford's interest will have expired.

4. In practical terms, McClure's judgment will be satisfied before the contingent interest of Whiteford will mature because McClure, as a judgment creditor, is a beneficiary under the trust whose interest has a higher priority than Whiteford's. McClure argues, however, based upon IC 32–12–1 et seq., the assignment was void ab initio and the priorities of the assignment no longer apply, leaving Whiteford as the sole beneficiary of the proceeds of the promissory note and McClure free to immediately garnish these proceeds.

Thus, the trial court's judgment impeding McClure's attempt to proceed against the trust is erroneous.

This cause is reversed and remanded to the trial court with instructions to attach a continuing lien to the liquidated trust account to the extent of any surplus remaining after First Source, as trustee, satisfies all prior terms of the trust agreement.

ROBERTSON and FRIEDLANDER, JJ., concur.

However, this argument is waived because McClure raises the issue for the first time on appeal. McClure had the burden to prove in the trial court and establish that funds were available for garnishment. *See Fidelity Financial Servs. v. Hill* (1991), Ind.App., 580 N.E.2d 333, 334. If McClure wished to rely on its interpretation of IC 32–12–1 et seq. to support its garnishment efforts, it should have presented the trial court with this theory in its memorandum in support of its motion and offered evidence in compliance with the mode of attack, that is, that the assignment was fraudulent. Having failed to do so, McClure has waived this issue. *See Rebel v. Nat'l City Bank of Evansville* (1992), Ind.App., 598 N.E.2d 1108, 1110 (theory not presented to trial court not preserved for appellate review). Thus, we do not consider whether proceedings supplemental is the proper vehicle to attach an assignment for benefit of creditors.